# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Angela McGovern<br>114 Black Jack Ln.<br>Burleson, TX 76028<br><br>          Plaintiff,<br><br>v.<br><br>AllianceOne Receivables Management, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>130 E. Ninth Street<br>Cleveland, OH 44114<br><br>          Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

1

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. In or around March or April 2007, Defendant telephoned Plaintiff in an effort to collect the debt.

10. During this communication, Defendant threatened that there would be a warrant out for Plaintiff arrest in Johnson County.

11. As a result of the above threat, for nearly two weeks Plaintiff feared that she would be arrested.

12. As a result of the above threat, Plaintiff informed her children that she might be arrested.

13. In or around June 2007 or July 2007, Defendant telephoned Plaintiff's neighbor ("Neighbor") on several occasions at Neighbor's residence and at Neighbor's place of employment, despite having Plaintiff's location information

14. During at least one of these communications, Defendant disclosed the nature and amount of Plaintiff's debt.

15. During one of these communications, Neighbor asked Defendant why Defendant was calling Neighbor about Plaintiff's debt and Defendant replied forcefully that Defendant was calling because Plaintiff's neighbor lives on the same street as Plaintiff.

16. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

32. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

33. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

34. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

37. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

                                RESPECTFULLY SUBMITTED,

                                Macey & Aleman, P.C.

                                By:   /s/ Jeffrey S. Hyslip
                                   Jeffrey S. Hyslip
                                   Bar # 0079315
                                   Attorney for Plaintiff
                                   20 W. Kinzie Street, Suite 1300
                                   Chicago, IL 60610
                                   Telephone: 866-339-1156
                                   Email: jsh@legalhelpers.com